UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert L. Smallwood,   Case No. 3:22-cv-1430-JGC

    Plaintiff,

    v.   **OPINION AND ORDER**

Michael J. Navar, *et al.*,

    Defendants.

### Background

*Pro se* plaintiff Robert L. Smallwood filed this civil rights damages action under 42 U.S.C. § 1983 against six defendants, alleging he was denied adequate medical care in violation of his constitutional rights during his incarceration in the Lucas County Jail.  (Doc. 1.)  He sues Lucas County Sheriff Michael J. Navar, Corrections Administrator Major J. Sylvester, Director of Nursing Anissa Floure, MD Steven Dood, Lucas County, and Jane Doe "Nurse Practitioner."

In his lengthy complaint, plaintiff contends that in 2021, after he made numerous complaints and requests for medical attention in connection with severe pain and swelling in his ankle, he was seen and evaluated by Dr. Dood and the Nurse Practitioner and diagnosed with gout.  He complains he was denied adequate treatment for this condition and, despite his requests for medical care, his condition deteriorated to the point that he became wheelchair-bound.

He has filed an application to proceed in forma pauperis in the case (Doc. 2), which has been granted by separate order.

**Standard of Review and Discussion**

Because plaintiff is a prisoner suing governmental defendants and is proceeding *in forma pauperis*, his complaint is now before the Court for review under 28 U.S.C. §§ 1915(e) and 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Those statutes require the Court to dismiss any portion of the complaint the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Because plaintiff is proceeding *pro se*, his complaint is construed indulgently. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Upon review, the Court finds that plaintiff's complaint may proceed as against defendants Sylvester, Dood, Floure, and Jane Doe Nurse Practitioner. Plaintiff has set forth allegations in his complaint sufficient to suggest their personal involvement in the constitutional misconduct he alleges pertaining to assessing his condition and determining his medical care.

The Court, however, finds his complaint must be dismissed as against Lucas County and Sheriff Navar.

Plaintiff does not allege facts suggesting the personal involvement of Sheriff Navar in the inadequate medical care and treatment he alleges. Instead, it is apparent plaintiff seeks to hold Navar and Lucas County liable on the basis of a "policy" of inadequate training or supervision. (*See* Doc. 1 at 54-55).[1] Plaintiff states that the Sheriff holds overall responsibility for establishing

---

[1] There is no vicarious liability under § 1983. Supervisory officials and local governments may be held liable only for their own unconstitutional acts or policies. *Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 494 (6th Cir. 2020).

"policies and procedures for the Detention Center, for selecting the Detention Center's Private Medical services providers, and for training and supervising jail personnell [sic] and the medical staff." (*Id.* at 59.) He asserts that "the lack of training and/or supervision by Sheriff Navar . . . was the moving force behind the Constitutional violation of deliberate indifference in the delay and inadequate treatment of Plaintiff's recurring gout flares . . . ." (*Id.* at 54.)

But to make out a deliberate indifference claim based on a policy of inadequate training or supervision, a plaintiff must demonstrate either: (1) a "pattern of similar constitutional violations by untrained employees" and a "continued adherence to an approach that [the defendant] knows or should know has failed to prevent tortious conduct by employees," or, (2) "a single violation of federal rights, accompanied by a showing that [the defendant] has failed to train its employees to handle recurring situations presenting an obvious potential for a constitutional violation." *Shadrick v. Hopkins Cnty., Ky.*, 805 F.3d 724, 738–39 (6th Cir. 2015) (internal quotation marks and citations omitted). In addition, a plaintiff must prove "that the [training's] inadequacy is closely related to or actually caused the plaintiff's injury." *Berry v. Delaware Cnty. Sheriff's Office*, 796 Fed. Appx. 857, 864 (6th Cir. 2019).

Plaintiff's unclear and conclusory assertions in his complaint fail to demonstrate a plausible claim of deliberate indifference based on a policy of inadequate training or supervision under either approach. He has not alleged specific facts pertaining to the training or supervision of prison medical staff in any respect, or prior incidents of constitutional violations caused or related to employee training or supervision, or facts permitting a plausible inference that the inadequate treatment he alleges he received was in any way related to or actually caused by inadequate training

or supervision. Accordingly, plaintiff's complaint will be dismissed as against Sheriff Navar and Lucas County for failure to state a plausible claim.

## Conclusion

Based on the foregoing, plaintiff's complaint is dismissed as against Sheriff Navar and Lucas County pursuant to 28 U.S.C. §§ 1915(e) and 1915A.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

The action shall proceed solely as against defendants Sylvester, Dood, Floure, and Jane Doe Nurse Practitioner.  The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process on these defendants.  **A copy of this order shall be included with the documents to be served**.

Further, in light of this order, plaintiff's motion to compel ruling (Doc. 8) is denied as moot.

IT IS SO ORDERED.

s/James G., Carr

Sr. U.S. District Judge